UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY<br><br>               Plaintiff<br>v.<br><br>ZACK ANDERSON, RJ RYAN, ALESSANDRO CHIESA, and the MASSACHUSETTS INSTITUTE OF TECHNOLOGY<br><br>               Defendants | Civil Action No. 08-11364-GAO |

## **PLAINTIFF'S MOTION TO MODIFY TERMS BUT NOT DURATION OF TEMPORARY RESTRAINING ORDER**

### **Introduction**

The plaintiff, Massachusetts Bay Transportation Authority ("MBTA"), hereby moves to modify the terms, but not the duration, of the Temporary Restraining Order issued by this Court on Saturday, August 9, 2008. As grounds, the MBTA states as follows:

1.      On Saturday, August 9, 2008, after a hearing, this Court entered a Temporary Restraining Order in this matter (the "TRO"). A copy of the TRO is included in the Exhibits in Support of Plaintiff's Motion To Modify Terms But Not Duration Of Temporary Restraining Order (the "8/11 Exhibits").

2.      In connection with issuing the TRO, the Court issued Findings and Rulings orally from the bench. These Findings and Rulings have not yet been transcribed, and the transcript of the hearing itself has not yet been transcribed. Plaintiff's counsel requested an expedited transcript of these items early this morning.

1

3. In the context of the Court's Findings and Rulings, the TRO language is clear and unequivocal, and fairly balances the parties' interests.

4. To date, attorneys from the Electronic Frontier Foundation (the "EFF") have been acting as counsel to the individual defendants in this matter, Zack Anderson, RJ Ryan, and Alessandro Chiesa (the "MIT Undergrads").

5. In statements to the press, the MIT Undergrads' EFF attorneys have claimed that the TRO is improper, unclear, and illegally restrains the MIT Undergrads' rights under the First Amendment, among other claims.

6. The MBTA has emphasized that it seeks relief to uphold industry standard concepts of "responsible disclosure," and does not seek to impose impermissible restraints on the MIT Undergrads. *See, e.g.,* Complaint ¶ 57; Declaration of Joseph Kelley ¶28; Memorandum in Support of Motion for Temporary Restraining Order at iv-vi.

7. To further demonstrate its desire to act in accordance with "responsible disclosure," the MBTA has offered in writing to immediately mediate this dispute, in order to seek a method for balancing all parties' interests in a tailored manner. *See* Declaration Of Ieuan G. Mahony In Support Of Plaintiff's Motion To Modify Terms But Not Duration Of Temporary Restraining Order ("Mahony 8/11 Decl.") at ¶¶5, 7-8; 8/11 Exhibits 3, 5.

8. The EFF has declined to respond to the MBTA's request, and instead demands that the TRO be lifted in full. Mahony 8/11 Decl. at ¶6; 8/11 Exhibit 4.

9. To correct any public or intra-party misperception concerning the TRO and the MBTA's goals in this matter, the MBTA requests this Court to modify the TRO as follows:

10. The current TRO reads as follows, in operative part:

> [I]t is hereby ORDERED as follows: … [t]hat the MIT Undergrads are hereby enjoined and restrained, in accordance with Fed. R. Civ. P.

65(b)(2), from providing program, information, software code, or command that would assist another in any material way to circumvent or otherwise attach the security of the Fare Media System.

11. The MBTA requests that this language be modified by the inclusion of the term "non-public" as indicated by the bolded-underlined language that follows:

> [I]t is hereby ORDERED as follows: … [t]hat the MIT Undergrads are hereby enjoined and restrained, in accordance with Fed. R. Civ. P. 65(b)(2), from providing **non-public** program, information, software code, or command that would assist another in any material way to circumvent or otherwise attach the security of the Fare Media System.

12. The MBTA believes that this language is warranted, indeed required by the text of the Courts Findings and Rulings. Moreover, the MBTA has no desire to prevent the MIT Undergrads from discussing materials, code, information, or ideas that are in the public domain.

13. Instead, as the MBTA has made clear both in its court filings and in communications with Defendants' counsel, the MBTA seeks as soon as it practicable to understand what sensitive information – if any – the MIT Undergrads may (or may not) have learned through their conduct as evidenced in part (a) by the Presentation attached as Exhibit 7 to the Supplemental Declaration of Ieuan G. Mahony; (b) by the Report attached as Exhibit 1 to the Declaration of Scott Henderson; and (c) by the Initial and Revised Announcements.

14. The MBTA believes that the most efficient, and balanced method for sharing this information is via non-binding, confidential mediation. The MBTA, accordingly, has committed to mediate this matter in writing.

15. In arguing "first amendment rights" and "prior restraint," the MIT Undergrads' EFF counsel ignores the MBTA's attempts to uncover whether this is in fact a "prank", or whether the MIT Undergrads are in fact able to compromise the Fare Media System in the manner they publicly claim.

16. Therefore, to demonstrate that the MBTA is in fact only concerned with the core issue of immediate concern in this case – the security and integrity of its Fare Media System — the MBTA affirmatively moves to limit to further eliminate claimed First Amendment concerns, and in the hope of obtaining some level of constructive discourse with the EFF's clients without Court involvement.

## **Conclusion**

THEREFORE, the plaintiff respectfully requests that this Court modify the Temporary Restraining Order as stated above.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

By its attorneys,

/s/ Ieuan G. Mahony_____
Ieuan G. Mahony (BBO #552349)
Maximillian J. Bodoin (BBO # 667240)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700


/s/ Thomas F.S. Darling III_____
Thomas F.S. Darling III (BBO #558848)
MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
State Transportation Building
7th Floor
10 Park Plaza
Boston, MA 02116
(617) 222-3174

# CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for the Massachusetts Bay Transportation Authority hereby certifies that he has sought to confer with defendants' counsel in a good faith effort to resolve or narrow any issues related to this motion. MBTA Counsel has conferred in detail with counsel for MIT on the present motion. Given press statements by EFF counsel for the MIT Undergrads, the position of EFF counsel's refusal to respond concerning the MBTA's proposals to discuss the TRO and other relevant matters via mediation, I perceived there to be little time available to conduct such conferences, and little likelihood of reasonable results at this point from EFF counsel. Further details concerning these points are provided in the Declaration of Ieuan G. Mahony in Support of Plaintiff's Motion To Modify Terms But Not Duration Of Temporary Restraining Order.

/s/ Ieuan G. Mahony

Dated: August 11, 2008
Boston, Massachusetts

# 5530567_v1