UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,<br>    Plaintiff,<br><br>  *v.*<br><br>ZACK ANDERSON, *ET AL.*,<br>    Defendants. | CIVIL ACTION NO. 08-CV-11364-GAO |

### ASSENTED TO MOTION OF
### DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY
### TO CORRECT DOCKET ENTRY

The Massachusetts Institute of Technology moves to correct Docket Entry No. 14 as follows (deleting struck-through and inserting underlined language):

"DECLARATION OF ERIC JOHNSON re 2 MOTION for Temporary Restraining Order by Massachusetts Bay Transportation Authority filed by ~~Massachusetts Institute of Technology~~ defendants Zack Anderson, RJ Ryan, and Alessandro Chiesa."

and submits as reasons therefor the following:

1. At the hearing on August 9, 2008, on the plaintiff's Motion for Temporary Restraining Order, the Court allowed Jennifer Granick to participate by telephone in argument on behalf of the individual defendants Zack Anderson, RJ Ryan, and Alessandro Chiesa.

2. In the course of her argument, Ms. Granick referred to a Declaration of Eric Johanson that had been prepared to support the opposition of the individual defendants, and began reading from that Declaration.

3. A colleague of Ms. Granick's had emailed the Johanson Declaration to a lawyer in the Office of the General Counsel of MIT in the early morning of August 9, 2008, and asked that it be printed and brought to the Court due to the fact Ms. Granick would be seeking leave of the Court to participate by telephone.

4. With Ms. Granick's permission, MIT provided a copy of the Johanson Declaration to Ieuan Mahony, lead counsel for the plaintiff, when he arrived at the courthouse for the hearing on the plaintiff's motion on August 9, 2008.

5. When Ms. Granick began to read to the Court from the Johanson Declaration, undersigned counsel representing the defendant Massachusetts Institute of Technology (not the individual defendants) brought to the Court's attention that I had a hard copy of the Johanson Declaration and offered to provide it to the Court, but expressly noted that the Declaration had not been prepared for nor was it being offered by MIT.

6. The Court, to the best of my understanding, accepted the copy of the Johanson Declaration based upon my disclosure of its source and of the parties on whose behalf I offered to provide it to the Court.

By its attorneys,

s/ Jeffrey Swope
Jeffrey Swope (BBO #490760)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199-7613
(617) 239-0100

Dated: August 12, 2008

Assented to:

s/ Ieuan G. Mahoney
Counsel for the plaintiff
Massachusetts Bay Transportation Authority

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 12, 2008, and further certify that on that day I provided a copy of this document by email to Jennifer Granick at Jennifer@eff.org.

s/ Jeffrey Swope