# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACUSETTS

| | |
|---|---|
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,<br><br>                      Plaintiff,<br><br>v.<br><br>ZACK ANDERSON, RJ RYAN, ALESSANDRO CHIESA, AND THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>                      Defendants. | CIVIL ACTION NO. 08-11364-GAO |

**DECLARATION OF JENNIFER GRANICK REGARDING SCHEDULING OF DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION TO MODIFY TERMS BUT NOT DURATION OF TEMPORARY RESTRAINING ORDER" AND CROSS MOTION FOR RECONSIDERATION**

1. The Electronic Frontier Foundation ("EFF") represents Defendants Anderson, Ryan and Chiesa in this matter. I am Civil Liberties Director with the EFF and a member in good standing of the California State Bar. I have been allowed to appear before this Court *pro hac vice* in this matter and am in the process of identifying local counsel. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. This declaration is submitted in support of the Defendants Anderson, Ryan, and Chiesa's Response To Plaintiff's "Motion To Modify Terms But Not Duration Of Temporary Restraining Order" And Cross Motion For Reconsideration. Defendants (hereafter "students") respectfully request that the Court hold a hearing on their Motion for Reconsideration this week, preferably on August 14, 2008.

3. The Court should hear the cross motion for reconsideration at the same

time as the motion to amend because the motions address identical issues, the propriety of the TRO issued against the students on August 8, 2008.

4. The facts have changed since the issuance of the TRO. The DEFCON conference at which the students planned to present their research is now over, the students did not present, and have no plans or desire to give the presentation elsewhere.

5. A prompt hearing is also necessary because the information that the original TRO sought to keep confidential has now been publicly disclosed by MBTA. Specifically, the students disclosed to the MBTA sensitive information derived from their research on August 8, 2008 in a confidential vulnerability report ("CVR"). The CVR, which contained details of the students' research that they never intended to publicly disclose, has now been revealed to the public through the MBTA's unsealed filings in this case.

6. The CVR reveals all the important aspects of the students' research into the security of the Boston T fare system. As a result, the temporary restraining order now serves only to prevent them from disclosing information already available to the public.

7. Media from Boston and all over the world are now inquiring as to whether the MBTA has adequate security. The MBTA has called the student research "a prank" and the students are unable to explain or clarify their work.

8. For these reasons, as more fully discussed in the motion for reconsideration, the students respectfully request that this Court calendar the cross motion at the same time as the hearing on MBTA's motion to modify.

9. On the morning of August 11, 2008, I informed Ieuan Mahony, counsel for MBTA, that we would be filing a motion for reconsideration on shortened time. I

inquired as to what days this week he would be available or unavailable, but he has not responded to that inquiry. Meanwhile, he informed me that MBTA would be filing this motion to modify. The Court Clerk called today to tell me that the hearing would be Thursday, August 14, 2008 at 11A

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. Executed August 12, 2008 in San Francisco, California.

> /s/ Jennifer Granick
> Jennifer Granick